UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN MANLEY,

    Plaintiff,

v.

KATHLEEN LEFFINGWELL, et al.,

    Defendants.
_____/

Case No. 13-cv-13876
Hon. Matthew F. Leitman

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (ECF #80), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #28), AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF ## 65, 74)**

Plaintiff Marlin Manley ("Manley") is a former state prisoner who at all relevant times was in the custody of the Michigan Department of Corrections (the "MDOC"). Manley alleges that while incarcerated at the Saginaw Correctional Facility (the "SCF"), he received inadequate medical care in violation of his Eighth Amendment rights. (*See* Complaint, ECF #1.) Manley brought this action against numerous Defendants: Corizon Health, Inc. ("Corizon"), a private company that provides medical staff to the MDOC; Adam Kandulski ("Kandulski"), a doctor Corizon employed who treated inmates at the SCF; Joshua Buskirk ("Buskirk"), a physician's assistant Corizon employed who treated inmates at the SCF; Kathleen Leffingwell ("Leffingwell"), a registered nurse at the SCF; Richard Gring

1

("Gring"), a corrections officer at the SCF; and Meaghan Walters ("Walters"), a dietician at the SCF. (*See id.*)

All served parties moved for summary judgment.[1] (*See* Motions for Summary Judgment, ECF ## 65 (Corizon, Kandulski, and Buskirk), and 74 (Leffingwell and Gring).) Manley also moved for summary judgment. (*See* ECF #28. On October 14, 2014, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court (1) deny Manley's motion, (2) grant the Defendants' motions, and (3) dismiss Defendant Walters from the case with prejudice. (*See* the R&R, ECF #80.)

With respect to Defendants Kandulski, Buskirk, Corizon, and Leffingwell, the Magistrate Judge found that "each [Defendant] provided treatment to [Manley], and [Manley's] only argument has to [do] with his differing opinion regarding the nature of the treatment." (*Id.* at 13, Pg. ID 618.) The Magistrate Judge concluded

---

[1] Defendant Walters did not file a motion for summary judgment, but the record indicates she was never served with the Complaint. (*See* Report & Recommendation, ECF #80 at 1, n.2.) On August 11, 2014, the Magistrate Judge ordered Manley to provide the Court a current address for Defendant Walters so she could be served. (*See* ECF #64.) The Magistrate Judge warned Manley that his failure to do so would result in a recommendation that "Defendant Walters be dismissed without prejudice from this action." (*Id.* at 2, Pg. ID 217.) Manley did not comply with this Order and has not provided the Court a current address for Defendant Walters. (*See* Report & Recommendation at 18, Pg. ID 623.) The Magistrate Judge, however, still considered and reviewed the claims brought against Defendant Walters on their merits, and recommended that the claims against her be dismissed with prejudice. The Court agrees with the Magistrate Judge and accepts her recommendation to dismiss the claims against Defendant Walters with prejudice.

that the record "clearly reveals a competent and conscientious course of medical treatment" and determined that Manley's "dissatisfaction with his treatment does not state a claim under the Eighth Amendment." (*Id.* at 13-14, Pg. ID 618-619) (quoting *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003).)

Specifically, the Magistrate Judge found that Defendant Kandulski "sent [Manley] to the hospital twice as a precaution because he was concerned about [Manley's] weight loss and abdominal pain," prescribed Manley multiple medications, and referred Manley to a dietician in an effort to alleviate Manley's symptoms. (*Id.* at 14, Pg. ID 619.) Likewise, the Magistrate Judge concluded that Defendant Buskirk also provided Manley "competent treatment" by treating Manley's initial symptoms and then waiting to prescribe specific medications until "Dr. Kandulski had determined if the medicine was necessary before prescribing it." (*Id.*) Finally, the Magistrate Judge determined that Defendant Leffingwell "provided adequate treatment to [Manley], in the form of scheduling visits with Defendants Kandulski and Buskirk" and informing Manley he could file a written request with health care if he needed to see a physician sooner than his next scheduled appointment. (*Id.* at 14-15, Pg. ID 619-620.)

The Magistrate Judge found that Manley's claims against Defendant Gring failed as well. The Magistrate Judge concluded that "[t]here is no evidence that Defendant Gring had any information about the severity of Plaintiff's condition" (a

3

prerequisite to finding Gring liable) and that Gring in any event would be entitled to qualified immunity because Manley "would not be able to show that Defendant Gring's actions were objectively unreasonable." (*Id.* at 16-17, Pg. ID 621-622.)

The Magistrate Judge completed the R&R by informing the parties that they could file "specific written objections" to the R&R within 14 days. (*Id.* at 19, Pg. ID 624.) The Magistrate Judge warned that the "[f]ailure to file *specific objections* constitutes a waiver of any further right of appeal." (*Id.*; emphasis added.) The Magistrate Judge further instructed that *"[a]ny objection must recite precisely the provision of this Report and Recommendation to which it pertains*." (*Id.*; emphasis added.)

On October 28, 2014, Manley filed timely objections to the R&R. (*See* the "Objections," ECF #81.) Manley, however, did not file "specific objections" that "recite[d] precisely the provision of this Report and Recommendation to which [the objections] pertain[]." (R&R at 19, Pg. ID 624.) Instead, Mainly submitted a two-page "response" that objected generally to the Magistrate Judge's recommendation. In his Objections, Manley argued that the "Magistrate Judge disregarded medical documents, grievances and the responses to them, and the facts that the Defendants admitted to committing the wrong acts and that their attorney minimized what they, the Defendants, did." (Objections at 1-2, Pg. ID 626-627.) Manley did not identify which of the multiple Defendants he was

4

referring to, nor did Manley specifically identify the "medical documents" or "grievances" he wanted the Court to review.

The Court, having reviewed the R&R, Manley's Objections, and the record (including Manley's medical records and grievances), now overrules Manley's generally-pleaded Objections for two reasons. First, Manley's failure to lodge specific objections to the Magistrate Judge's R&R – especially given the multiple Defendants and multiple motions which were the subject of the R&R – constitutes a waiver of his right to object. As this Court has previously held, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). This finding is fully consistent with precedent from the United States Court of Appeals for the Sixth Circuit. That court has held that "the filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless … The duplication of time and effort wastes judicial resources rather than

5

saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)). Here, as described above, Manley has not objected to any specific portion of the R&R and he has identified no specific records he believes the Court should consider when reviewing the R&R. The Court finds that Manley has done "nothing more than state a disagreement with a magistrate's suggested resolution," *Alrich, supra*, and it therefore finds Manley's Objections to the R&R waived.

Second, even if the Court did not consider the substance of Manley's Objections, the Court would still overrule them. Manley claims that, among other things, the Magistrate Judge "disregarded medical documents, grievances and the responses to them…." (Objections at 1, Pg. ID 626.) The R&R makes clear, however, that the Magistrate Judge, in fact, reviewed these records in detail. The Court has also reviewed these records, and it agrees with the Magistrate Judge's conclusions. While Manley may have preferred a different, more aggressive, and/or more immediate treatment regimen for his gastrointestinal symptoms, the Court agrees with the Magistrate Judge that the record "clearly reveals a competent and conscientious course of medical treatment" (R&R at 13, Pg. ID 618) during which Manley was repeatedly seen, examined, and treated by certain Defendants. *See, e.g., Mitchell v. Hininger*, 553 Fed. App'x 602, 605 (6th Cir. 2014) (A

prisoner's "desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim").

Accordingly, for all of the reasons stated above, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** (1) Manley's Objections to the R&R (ECF #81) are **OVERRULED**; (2) the Magistrate Judge's R&R (ECF #80) is **ADOPTED** as the Opinion of the Court; (3) Manley's Motion for Summary Judgment (ECF #28) is **DENIED**; (4) Defendants' Motions for Summary Judgment (ECF ##65, 74) are **GRANTED;** and (5) Manley's claims against Defendant Walters are **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 6, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113